Mr. Justice James
delivered the opinion of the Court:
This is a suit to enforce a mechanics’ lien. The plaintiffs are material men.
Two questions were discussed in the case; one as to the credits that would be allowed where payments were made by the contractor to the material men, and the other as to whether the lien was filed within three months after the building was finished.
As to the credit, we have no doubt that the claim should be allowed.
But the other question is one requiring much exactness. Where a lien is claimed upon the property of a person who made no contract with the plaintiff, it must appear that the lien was filed within the time provided by the statute. ' Such a claimant will be held strictly to the terms of the statute, *297 and must clearly establish his lien. The other day, in a contest between a trustee and a material man, we refused to give priority to the lien because it did not appear that the work had been begun before the lien of the trust had attached to the property; so where the question is, as here, whether the house had been finished before the three months allowed by the statute for the filing of the lien had expired and the testimony is left uncertain upon that point, the Court will refuse its aid.
In this case the plaintiff has not satisfied us that the lien was filed within three months of the finishing of the house. There seems, although that is not without doubt also, to have been some work done upon the building within three months; but that work does not appear to have been done under the builder’s contract, and it is the contract which the statute evidently looks to. If the owner chooses, after the.contract is performed and the work is finished as was contracted for, to have some other work done upon the house, that is a disconnected matter, and does not belong to the finishing of the building or repairs in the sense of the statute. It is true it was contended that their work came within the terms of the contract, but the proof is by no means clear as to that; consequently we cannot declare a lien to have been established. The statute was undoubtedly made for a beneficial purpose, but in this class of claims its effect is to place a burden upon a man that he did not contract for, and the plaintiff must consequently clearly establish his right.

The bill is, therefore, dismissed.